1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEPARDSON,

           Plaintiff,

     v.

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE FOR
BUNGALOW SERIES IV TRUST, et
al.,

           Defendants.

Case No. 23-cv-05497-NC

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS THE SECOND AMENDED
COMPLAINT**

Re: Dkt. Nos. 38, 39, 41

Defendants U.S. Bank Trust National Association (US Bank) and SN Servicing Corporation (SN) move to dismiss Plaintiff John Shepardson's second amended complaint (SAC). Like Plaintiff's previous complaint, the SAC alleges thirteen causes of action centered around Defendants' allegedly wrongful collection of a balloon payment loan. These claims rely on an alleged mutual agreement between the parties and promise by US Bank not to collect on the balloon payment in lieu of monthly payments.

Because the SAC fails to allege sufficient facts to state a claim under any cause of action, the Court GRANTS Defendants' motion to dismiss the SAC. The Court dismisses without leave to amend those claims for which it previously provided clear guidance (breach of contract, estoppel, RICO, and conspiracy to commit RICO) and for which amendment would be futile (concealment). All other claims are dismissed with leave to amend.

1

## I.     BACKGROUND

2

In 2007, Plaintiff entered into a note and second deed of trust secured by his

3

personal residence.  SAC 1, 3 ¶ 13.[1]  The loan was a "balloon note" with a maturity date of

4

May 1, 2017.  SAC ¶ 14, Ex. A (Note).[2]  The Note required Plaintiff to make monthly

5

payments and any remaining principal/interest would be due in full on the maturity date.

6

SAC, Ex. A.  Plaintiff alleges the "lenders, including U.S. Bank through SN, waived the

7

maturity amount due date and did not bring foreclose [sic] proceedings for approximately

8

another five *years*" after the maturity date.  SAC ¶ 15 (emphasis in original).  Instead, US

9

Bank, through SN, allegedly sent invoice statements to Plaintiff "indicating if the monthly

10

payments were timely and properly made, the loan would be current and would not call

11

due and payable the entire loan balance."  SAC ¶ 16.  Plaintiff alleges US Bank filed a

12

notice of default on April 3, 2023, SAC ¶ 42, and "wrongfully foreclosed" on his personal

13

residence, SAC 1, despite Plaintiff's "timely and properly" monthly payments, SAC ¶ 148.

14

The Court dismissed Plaintiff's initial complaint and first amended complaint

15

(FAC).  ECF 18, 32.  Plaintiff filed the SAC.  ECF 33.  Defendants filed a motion to

16

dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

17

or, in the alternative, for a more definite statement.  ECF 38 (Mot.).  Plaintiff opposed the

18

motion.  ECF 39 (Opp'n).  Defendants filed a reply.  ECF 41 (Reply).  All parties have

19

consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  ECF 8, 9.

20

## II.   LEGAL STANDARD

21

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

22

sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To

23

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

24

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

25

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When

26

27

28

[1] Plaintiff repeats nearly identical general allegations under each of his thirteen causes of action.  The Court will only cite to the first statement of a general allegation.
[2] Plaintiff filed the exhibits to his SAC separately.  *See* ECF 34.

United States District Court
Northern District of California

1 reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the

2 complaint and draw all reasonable inferences in favor of the non-moving party." *Retail*

3 *Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

4 2014). A court, however, need not accept as true "allegations that are merely conclusory,

5 unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs.*

6 *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows

7 the court to draw the reasonable inference that the defendant is liable for the misconduct

8 alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted

9 unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v.*

10 *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Although courts "afford leeway to pro se

11 parties" at the pleading stage, pro se litigants who are also licensed attorneys are not

12 afforded the same liberal pleading standard. *Huffman v. Lindgren*, 81 F.4th 1016, 1020–21

13 (9th Cir. 2023).

## III.    DISCUSSION

### A.    Plaintiff Has Not Cured the Defects in His Breach of Contract and Estoppel Claims

The Court previously addressed the shortfalls of Plaintiff's Second Cause of Action

for breach of contract and Fifth Cause of Action for estoppel. ECF 32. Plaintiff's SAC

has not cured these insufficiencies because the Court still "cannot discern Defendants'

alleged promise not to collect the balloon amount." *See* ECF 32 at 5.

The elements for breach of contract are: "(1) the existence of the contract, (2)

plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the

resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811,

821 (2011). "To state a cause of action for breach of contract, it is absolutely essential to

plead the terms of the contract either in haec verba or according to legal effect." *Langan v.*

*United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (quoting *Twaite v.*

*Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989)). The plaintiff need not "allege the

terms of the alleged contract with precision," but the court must be able to discern the

"material obligation of the contract the defendant allegedly breached." *Langan*, 69 F. Supp. 3d at 979.

As Defendants note, Plaintiff for a second time does not clarify whether he intends to allege a claim of equitable estoppel or promissory estoppel. *See* Mot. 15. This omission, in itself, poses a challenge to the adequacy of Plaintiff's claim. But for the purposes of this motion, the Court will again assume Plaintiff alleges a claim of promissory estoppel because equitable estoppel is not an independent cause of action under California law. *Torliatt v. Ocwen Loan Servicing LLC*, No. 18-cv-1516- JSC, 2018 WL 2197689, at *4 (N.D. Cal. May 14, 2018); *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1463 (2011). To succeed on a promissory estoppel claim, a plaintiff must show: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *O'Brien v. Caliber Home Loans, Inc.*, No. 15-cv-2623-JST, 2016 WL 324284, at *5 (N.D. Cal. Jan. 27, 2016) (quoting *Jones v. Wachovia Bank*, 230 Cal. App. 4th 935, 945 (2014)).

Plaintiff alleges "U.S. Bank's predecessors waived and failed and refused to call the balloon payment due." SAC ¶ 60. As a result, Plaintiff alleges "U.S. Bank was barred on the basis of waiver, estoppel and/or mutual contract modification from arbitrarily enforcing the balloon payment clause whenever it desired given the note language and its repeated representations in writing that payment of the monthly amount brought the loan current, to which John consented and agreed to, and performed on, making the requested monthly payments, which U.S. Bank accepted, thus by its conduct ratifying and approving of the contract." SAC ¶ 100.

Plaintiff's allegations lack sufficient factual matter for the Court to discern the obligations of a contract or clear and unambiguous promise by US Bank. It is unclear if Plaintiff is alleging that his payment obligations under the Note, as an initial contract, were waived by the failure of US Bank's predecessors to enforce a default on May 1, 2017, or were modified by a pattern of monthly statements and payments. *See* SAC ¶¶ 88, 100. It

4

1    is also unclear if Plaintiff is alleging the pattern of monthly statements and payments

2    constituted one new contract, or a series of new contracts.  *See* SAC ¶¶ 88, 100.

3          Moreover, Plaintiff's allegations are undermined by the Note, Deed of Trust, and

4    monthly statements attached to and incorporated by reference into the SAC.  *See Groves v.*

5    *Kaiser Found. Health Plan Inc.*, 32 F. Supp. 3d 1074, 1079 n.4 (N.D. Cal. 2014) (noting a

6    court need not treat the facts in a complaint as true when they are contradicted by

7    documents attached to or incorporated by reference into the complaint).  The terms of both

8    the Note and the Deed of Trust for Plaintiff's property state that Plaintiff must repay the

9    entire remaining balance and unpaid interest on the loan by the maturity date of May 1,

10   2017.  SAC, Ex. A, Note 1, ¶ 3, Deed of Trust 2.  The Note and Deed of Trust also include

11   non-waiver provisions: "Even if, at a time when I am in default, the Note Holder does not

12   require me to pay immediately in full as described above, the Note Holder will still have

13   the right to do so if I am in default at a later time."  SAC, Ex. A, Note ¶ 6(D); *see* Ex. A,

14   Deed of Trust ¶¶ 1, 12 ("Lender may accept any payment or partial payment insufficient to

15   bring the Loan current without waiver of any rights hereunder . . . Extension of the time for

16   payment or modification of amortization of the sums . . . shall not operate to release the

17   liability of Borrower . . .").

18         As to the monthly statements Plaintiff received from US Bank, each statement

19   attached to the SAC includes the amount of Plaintiff's "Outstanding Principal" and, under

20   a heading titled "Important Messages," states, "Loan Matured on 05/01/2017.  Payoff

21   figures are subject to change."  SAC, Ex. B.  Later statements included a "Delinquency

22   Notice" that further indicated, "You are late on your mortgage payment.  Failure to bring

23   your loan current may result in fees and foreclosure . . . $973.28 due by 02/01/2023 to

24   bring your account current."  SAC, Ex. B.  Nothing in the monthly statements lends

25   support to Plaintiff's allegations, and instead indicate US Bank did not waive its right to

26   foreclose under the Note.  Plaintiff therefore fails to articulate facts under which he can

27   plausibly establish the existence of a contract or clear and unambiguous promise by US

28   Bank to waive collection of the balloon payment.

United States District Court
Northern District of California

Finally, even if Plaintiff succeeded in alleging the existence of a contract for his breach of contract claim, he fails to plausibly allege his own performance or excuse for nonperformance of the contract.  Plaintiff acknowledges that the "balloon payment maturity date was May 1, 2017."  SAC ¶ 14.  Nowhere does Plaintiff allege he paid the balloon payment by the maturity date.  Instead, Plaintiff alleges he "was not in breach *for not making the balloon payment* because the then lender did not claim the sum was due. No demand, no breach. Waiver."  SAC ¶ 61 (emphasis added).  Plaintiff does not explain how the lack of a demand by the lender affected his own obligations under the initial Note such that he was not in breach, and the terms of the Note do not support such an assertion. Moreover, it is unclear if Plaintiff breached the alleged new or modified contract(s) with US Bank.  He alleges he "made the necessary payments to keep the loan current" and "timely and properly paid the loan amounts due."  SAC ¶¶ 36, 148.  However, he attaches and incorporates by reference monthly statements and notices from Defendants indicating he failed to timely make a monthly payment that was due on July 1, 2022. *See, e.g.*, Ex. B, C.  As a result, Plaintiff does not adequately allege that he performed his obligations under the terms of the original Note or the alleged new or modified contract(s).

Because Plaintiff fails to state a claim for breach of contract or estoppel, the Second and Fifth Causes of Action are dismissed without leave to amend.

### B.    Plaintiff's Defamation Claim Fails

Plaintiff's Third Cause of Action alleges defamation against US Bank.  To plead defamation, a plaintiff must show "(1) an intentional publication, (2) that is false, (3) defamatory, and (4) unprivileged, and (5) that has a natural tendency to injure or that causes special damage."  *Cook v. Ministries*, No. 21-cv-0160-LB, 2021 WL 681256, at *3 (N.D. Cal. Feb. 22, 2021) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007)).

Plaintiff alleges US Bank intentionally published notices about Plaintiff's default that were false because "they affirmatively stated that he was not current on his payments to U.S. Bank when in fact he was current on his payment on the agreement the parties entered int[o]."  SAC ¶ 146; *see* SAC ¶¶ 145, 147–52.  Plaintiff also alleges the statements

were not protected or privileged.  SAC ¶ 152.  Although Plaintiff's allegations reference multiple "public notices," SAC ¶¶ 145–47, the Court interprets Plaintiff's defamation claim to apply to the recorded Notice of Default and Election to Sell Under Deed of Trust dated March 30, 2023 (Notice of Default).  SAC, Ex. F.

Plaintiff fails to adequately allege that the Notice of Default was false.  Although the Notice of Default includes generic reference to Plaintiff being "behind in your payments," it specifically states that a breach of Plaintiff's obligations under the Note "occurred in that payment has not been made of: The entire balance of unpaid principal and interest which became due on 5/1/2017, along with late charges, foreclosure fees and costs any legal fees or advances that have become due."  SAC, Ex. F.  Plaintiff does not allege that he paid the balloon payment by or on the maturity date of May 1, 2017.  To the extent the Notice of Default indicates Plaintiff is behind on his monthly installments, Plaintiff also does not sufficiently allege that he timely paid every monthly payment, particularly for the payment due July 1, 2022.  *See supra* III(A).

Because Plaintiff has not plausibly alleged that the Notice of Default contained false statements, the Court does not address whether the Notice of Default is privileged.  Plaintiff's Third Cause of Action is dismissed with leave to amend.

### C.    Plaintiff's TILA Claim Fails

Plaintiff's Eleventh Cause of Action alleges US Bank violated the Truth in Lending Act (TILA) (1) "by failing to timely and properly credit John's account with payments made;" (2) "by repeatedly failing to provide accurate payoff statements;" and (3) by "repeatedly failing to timely respond to his complaints about billing errors."  SAC ¶ 543.  Although Plaintiff's references to statutory sections are incomplete, Plaintiff appears to allege specific violations of 15 U.S.C. §§ 1639f and 1666, and 12 C.F.R. 1026.41.  SAC ¶¶ 538–41.

The Court cannot reasonably infer from Plaintiff's allegations that Defendants are liable under the TILA.  Plaintiff does not identify which payments US Bank did not timely and properly credit to his balance, or which monthly statements were inaccurate.  To the

United States District Court
Northern District of California

1    extent Plaintiff is alleging the monthly statements were inaccurate because they included

2    an outstanding balance on his principal or stated he was delinquent on a monthly payment,

3    the Court has already concluded Plaintiff's factual allegations fail to support these

4    contentions.  The Court also cannot discern repeated failures by US Bank to respond to

5    complaints from Plaintiff about billing errors.  Plaintiff attaches one letter to SN Bank to

6    the SAC, but the letter does not identify a billing error.  *See* SAC, Ex. C(1).

7            Plaintiff's Eleventh Cause of Action is therefore dismissed with leave to amend.

8    **D.    Plaintiff's Fraud-Based Claims Fail to Meet Rule 9(b)'s Heightened**
        **Pleading Standard**
9

10           Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the

11    circumstances constituting fraud or mistake," though "[m]alice, intent, knowledge, and

12    other conditions of a person's mind may be alleged generally."  The allegations must be

13    "specific enough to give defendants notice of the particular misconduct . . . so that they can

14    defend against the charge."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

15    2003).  Fraud allegations must therefore "identify the who, what, when, where, and how of

16    the misconduct charged, as well as what is false or misleading about the purportedly

17    fraudulent statement, and why it is false."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d

18    956, 964 (9th Cir. 2018).

19           Rule 9(b) applies to allegations under California's consumer protection statutes,

20    including California's Unfair Competition Law (UCL) and False Advertising Law (FAL).

21    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Because Plaintiff's

22    claims for negligence and negligent misrepresentation are grounded in fraud, they are also

23    subject to Rule 9(b).  *U.S. Cap. Partners, LLC v. AHMSA Int'l, Inc.*, No. 12-cv-6520-JSC,

24    2013 WL 594285, at *3 (N.D. Cal. Feb. 14, 2013); *see Sheahan v. State Farm Gen. Ins.*

25    *Co.*, 442 F. Supp. 3d 1178, 1186, 1191 (N.D. Cal. 2020) (applying Rule 9(b) pleading

26    standard to negligent misrepresentation and negligence claims).

27           None of Plaintiff's fraud-based claims meet the particularity requirements of Rule

28    9(b), especially as to *how* Defendants' actions were false, misleading, or tortious.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.  § 17200 and § 17500

Plaintiff's First Cause of Action alleges US Bank violated California's Business and Professions Code §§ 17200 and 17500.  The UCL at § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The FAL at § 17500 "makes it unlawful for a business to disseminate any statement" that it knows or should know "is untrue or misleading" as part of the sale of goods and services.  *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1083 (C.D. Cal. 2018); Cal. Bus. & Prof. Code § 17500.  To establish a claim under the FAL and UCL a plaintiff must show "that the defendant's claimed misrepresentations are likely to deceive a reasonable consumer."  *Stein Mart*, 291 F. Supp. 3d at 1084 (citing *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).

Plaintiff alleges US Bank violated the UCL because it (1) represented in monthly statements that if Plaintiff "timely and properly paid the monthly payment claimed due that the loan would be current, and thus the loan would not be foreclosed on;" (2) brought "foreclosure actions against similarly situated borrowers;" (3) wrongfully imposed costs, fees, and interest to his balance; and (4) kept more of a payment on his principal balance than was due.  SAC ¶¶ 50, 55, 56.  The Court will address each contention in order.

First, as addressed above, Plaintiff failed to plausibly allege a promise by US Bank that it would not pursue default and foreclosure on Plaintiff's property.  The claim therefore fails here under a heightened pleading standard.  Second, Plaintiff's allegation that US Bank took comparable actions against similarly situated borrowers fails under Rule 9(b) because it is made only "on information and belief."  SAC ¶ 55.  Third, Plaintiff fails to provide any explanation for how the imposition of costs, late fees, and interest to the balance of his principal loan was wrongful.  Fourth, the Notice of Default states the amount due on Plaintiff's principal balance as of March 30, 2023, was $39,756.29, but "would increase until your account becomes current."  SAC, Ex. F.  Although Plaintiff alleges US Bank wrongfully retained his entire $40,000 payment, he does not provide any details as to what date he made this payment and what amount he owed on his principal at

that time.  *See* SAC ¶ 56.  Without this information, it is reasonable to infer the amount he owed had increased to $40,000 or more by the time of his payment.

Plaintiff alleges US Bank violated the FAL (1) by making untrue or misleading statements related to the administration of the Note and when the balloon payment was due, and (2) by failing to act in good faith to avoid foreclosure.  SAC ¶¶ 52–54.  Specifically, Plaintiff's first allegation under the FAL is that US Bank, through SN, made or disseminated, or caused to be made or disseminated, "before the public in this State, untrue or misleading statements in connection with the note and administration of it and second deed of trust and knew or should have know[n] the statements were untrue or misleading, including but not limited to, the note indicating payment of the monthly invoices kept the note and deed of trust current."  SAC ¶ 52.  The Court cannot discern from these facts what specific statements Plaintiff refers to.  Relatedly, Plaintiff alleges US Bank made untrue or misleading statements as to when Plaintiff's balloon payment was due in violation of the Note and California Civil Code § 2966.  SAC ¶¶ 51, 53.  However, Plaintiff does not identify the specific notices sent by either SN or US Bank that allegedly failed to provide the requisite amount of notice.  Plaintiff therefore does not allege with particularity the "who, what, when, where, and how" US Bank violated the FAL.  *See Davidson*, 889 F.3d at 964.

Plaintiff's second allegation that US Bank failed to make a good faith effort to avoid foreclosure makes no reference to a "statement," which is an element required to state a claim under the FAL.  SAC ¶ 54; *see* Cal. Bus. & Prof. Code § 17500.

Accordingly, Plaintiff's First Cause of Action is dismissed with leave to amend.

### 2. Intentional Misrepresentation, Negligent Misrepresentation, and Promise Without Intention of Performing

Plaintiff's Sixth, Eighth, and Ninth Causes of Action allege intentional misrepresentation, promise without intention of performing, and negligent misrepresentation against US Bank.  To state a cause of action for intentional misrepresentation under California law, a plaintiff must allege: "(1) misrepresentation

10

(false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Moody v. Hot Topic, Inc.*, No. 23-cv-0447, 2023 WL 9511159, at *6 (C.D. Cal. Nov. 15, 2023) (citations omitted). "[F]or negligent misrepresentation, it is sufficient to allege the defendant lacked reasonable grounds to believe the representation was true," rather than alleging knowledge of falsity. *Real v. Y.M.I. Jeanswear, Inc.*, No. 17-cv-0870-JGB (DTBx), 2017 WL 11675686, at *5 (C.D. Cal. Sept. 1, 2017). To establish a claim of promise without intent to perform, a plaintiff must show that the defendant "made a promise about a material matter, with no intention of honoring that promise, that induced her to take action she otherwise would not have taken." *Melanson v. United Air Lines, Inc.*, 931 F.2d 558, 563 (9th Cir. 1991); *see* Cal. Civ. Code § 1710; *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 203 (1986).

Plaintiff fails to state a claim with particularity for intentional misrepresentation, negligent misrepresentation, or promise without intent to perform because, as discussed, Plaintiff has not plausibly alleged that US Bank represented or promised that monthly payments would bring Plaintiff's loan current such that it would not foreclose on the property. *See* SAC ¶ 293–94, 391–92, 439–40; *supra* III(A).

Plaintiff's Sixth, Eighth, and Ninth Causes of Action are dismissed with leave to amend.

### 3. Negligence

Plaintiff's Fourth Cause of Action alleges negligence by US Bank. Under California law, the "elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1086 (N.D. Cal. 2015).

Plaintiff alleges US Bank "had a duty to timely and properly administer the loan" and "provide proper statutory notice of any balloon payments due." SAC ¶ 198; *see* SAC ¶ 184. US Bank allegedly breached these duties "by claiming the balloon payment was

due" despite Plaintiff's monthly payments, and "by failing to provide proper note and statutory notice that" the balloon payment was due.  SAC ¶ 199; *see* SAC ¶ 185.

Plaintiff's allegations fail to establish proximate cause between US Bank's alleged breach of duty and Plaintiff's injuries.  In particular, the Court agrees with Defendants that, on the face of the SAC, "Plaintiff's nonpayment of the loan [by] the maturity date is the cause of Plaintiff's damages."  Mot. 15.  The Court also cannot reasonably infer US Bank breached its duty to provide proper notice that the balloon payment was due because, as discussed, Plaintiff fails to identify the notices in which US Bank allegedly committed this breach.  The Court therefore declines to reach the question of US Bank's duty of care.

Plaintiff's Fourth Cause of Action is dismissed with leave to amend.

### 4.  Concealment

Plaintiff's Seventh Cause of Action alleges concealment against US Bank.  "To state a claim for fraudulent concealment, a plaintiff must allege (1) concealment or suppression of a material fact; (2) a duty to disclose; (3) intentional concealment with the intent to defraud; (4) actual, justifiable reliance; and (5) resulting damages."  *Rosal v. First Fed'n Bank of Cal*, 671 F. Supp. 2d 1111, 1132 (N.D. Cal. 2009) (citing *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 868 (2008)).

Plaintiff alleges US Bank, through SN, "intentionally concealed material facts by issuing monthly statements affirmatively stating that if the claimed monthly amount due was timely paid the loan would be current and thus [the] loan would not be foreclosed on."  SAC ¶ 342.  For Plaintiff's claim to survive on this theory, he must plausibly allege that (1) US Bank affirmatively represented that it would not pursue default and foreclosure on his 2017 balloon payment, then (2) concealed to him that it did in fact intend to pursue default and foreclosure.  As previously discussed, Plaintiff has failed to adequately allege that US Bank represented it would not pursue default and foreclosure on the balloon payment.  And, as Defendants observe, Plaintiff has not specified how US Bank *concealed* the material fact that it may pursue default based on Plaintiff's failure to make the balloon payment in 2017 when Plaintiff himself has attached the terms of the Note and monthly

1    statements indicating when the balloon payment came due and his outstanding principal

2    balance.  *See* Mot. 19–20.

3         Because the exhibits Plaintiff incorporates into the SAC contradict his allegations of

4    concealment, amendment would be futile.  Plaintiff's Seventh Cause of Action is

5    dismissed without leave to amend.

6                        **5.  RICO Claims**

7         Plaintiff's Twelfth and Thirteenth Causes of Action alleged a violation of RICO and

8    conspiracy to violate RICO by US Bank.  To state a claim under § 1962(c), a plaintiff must

9    allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."

10   *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (quoting *Sedima, S.P.R.L. v.*

11   *Imrex Co.*, 473 U.S. 479, 496 (1985)).  The last element, racketeering activity, is also

12   referred to as "predicate acts."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

13   1393, 1400 (9th Cir. 1986) (citations omitted).  Plaintiff alleges US Bank violated RICO

14   by committing the predicate acts of wire fraud and mail fraud in violation of 18 U.S.C. §§

15   1341 and 1343.  SAC ¶ 592.  "The elements of mail fraud and wire fraud are essentially

16   identical."  *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017).  The plaintiff

17   must show "(1) a scheme to defraud, (2) the use of either the mail or wire, radio, or

18   television to further the scheme, and (3) the specific intent to defraud."  *Id.*

19        The Court previously identified deficiencies in Plaintiff's RICO claims.  ECF 32.

20   Namely, that Plaintiff's allegations of predicate acts "fall short of the specificity required

21   under Rule 9(b)."  ECF 32 at 6.  Plaintiff's allegations of US Bank's predicate acts in the

22   SAC are identical to the previously insufficient allegations: "repeatedly providing false

23   and misleading monthly invoice statements indicating payment brought the loan current

24   and not subject to foreclosure."  FAC ¶ 104; SAC ¶ 592.  Although Plaintiff lengthens his

25   allegations as to the other elements of a RICO claim, *see* SAC ¶¶ 589–91, the added

26   statements are equally vague and insubstantial such that the claim is not pleaded with

27   particularity.  As a result, Plaintiff's RICO claim and related claim for conspiracy to

28   violate RICO fail.  *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.8 (9th

United States District Court
Northern District of California

13

1  Cir. 1992).  ("Because we find that [plaintiff] has failed to allege the requisite substantive

2  elements of RICO, the conspiracy cause of action cannot stand.")

3        Plaintiff's Twelfth and Thirteenth Causes of Action are dismissed without leave to

4  amend.

5                        **6. Aiding and Abetting**

6        Plaintiff's Tenth Cause of Action alleges US Bank aided and abetted SN in

7  committing "the wrongs herein alleged, including, to violate Civil Code section 2966,

8  TILA, RICO and engage in unfair, fraudulent and/or illegal business practices."  SAC ¶

9  485.  Plaintiff also alleges US Bank aided and abetted the commission of "intentional

10  misconduct, negligent misconduct and statutory violations" of the Federal Fair Debt

11  Collection Practices Act and California Civil Code § 2924.  SAC ¶¶ 487–89.

12        A party may be liable for aiding and abetting another when it either "(a) knows the

13  other's conduct constitutes a breach of duty and gives substantial assistance or

14  encouragement to the other to so act or (b) gives substantial assistance to the other in

15  accomplishing a tortious result and the person's own conduct, separately considered,

16  constitutes a breach of duty to the third person."  *Neilson v. Union Bank of Cal., N.A.*, 290

17  F. Supp. 2d 1101, 1118 (C.D. Cal. 2003); *In re First Alliance Mortg. Co.*, 471 F.3d 977,

18  993 (9th Cir. 2006).  Under the first test, "to satisfy the knowledge prong, the defendant

19  must have 'actual knowledge of the specific primary wrong the defendant substantially

20  assisted.'"  *In re First Alliance*, 471 F.3d at 993.  "[W]hen a claim alleges the aiding and

21  abetting of a fraud, substantial assistance must be pled in accordance with Rule 9(b)'s

22  heightened specificity requirements."  *Neilson*, 290 F. Supp. 2d at 1130 & n.81.

23        Because the Court has concluded all of Plaintiff's other claims, on which the claim

24  for aiding and abetting is based, fail to state claim, Plaintiff's aiding and abetting claim

25  necessarily fails.  Plaintiff also does not allege facts relating to a violation of Federal Fair

26  Debt Collection Practices Act and California Civil Code § 2924 anywhere else in the SAC.

27  In addition, the Court notes that Plaintiff's allegations regarding US Bank's substantial

28  assistance to SN are conclusory and amount to recitations of the legal elements, falling

14

short of the particularity required by Rule 9(b).  *See* SAC 489.

The Tenth Cause of Action is dismissed with leave to amend.

**IV.    CONCLUSION**

For these reasons, Plaintiff's Second, Fifth, Seventh, Twelfth, and Thirteenth Causes of Action are dismissed without leave to amend.  Plaintiff's First, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh Causes of Action are dismissed with leave to amend.  Plaintiff must file an amended complaint or a notice that he will not be amending the SAC by July 19, 2024.  Plaintiff's amended complaint may not exceed 25 pages, and Plaintiff must seek leave of court to add claims or parties.

Because the Court GRANTS Defendants' motion to dismiss, the Court DENIES as moot Defendants' motion for a more definite statement, which was brought in the alternative.  Defendants' Request for Judicial Notice is also DENIED because the Court relied only on the documents attached to the SAC in deciding the motion to dismiss, and not on the documents submitted with the Request for Judicial Notice.

**IT IS SO ORDERED.**

Dated:  July 3, 2024                                      _____

NATHANAEL M. COUSINS
United States Magistrate Judge