UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEPARDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR BUNGALOW SERIES IV TRUST, et al.,<br><br>    Defendants. | Case No. 23-cv-05497-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF 69 |

Defendants U.S. Bank Trust National Association (U.S. Bank) and SN Servicing Corporation (SN) move for summary judgment as to Plaintiff John Shepardson's third amended complaint. Plaintiff's remaining claim alleges that U.S. Bank violated the Unfair Competition Law (UCL), Bus. & Prof. Code § 17200, and the False Advertising Law (FAL), Bus. & Prof. Code § 17500, when SN sent a notice to Plaintiff on behalf of U.S. Bank on December 23, 2022, that improperly did not provide Plaintiff a 90-day time period to cure his default on his "balloon note." As discussed below, the Court GRANTS Defendants' motion for summary judgment because it finds that Plaintiff cannot establish a right to remedy under the UCL or FAL.

I. **BACKGROUND**

In 2007, Plaintiff entered into a note and second deed of trust secured by his personal residence. ECF 48 (TAC) ¶¶ 2, 62. The loan was a "balloon note" with a

maturity date of May 1, 2017.  TAC, Ex. A (Note).  The Note required Plaintiff to make monthly payments, with any remaining principal and interest due in full on the maturity date.  TAC, Ex. A.

On December 23, 2022, U.S. Bank, through its agent SN, sent Plaintiff a "Notice of Attempt to Collect Debt" for the full outstanding loan balance.  TAC ¶¶ 8, 10, 90, Ex. C.  On March 10, 2023, SN returned a payment of $2,273.12 to Plaintiff that Plaintiff had previously paid but SN did not credit to his account.  TAC ¶ 94, Ex. E.[1]  On April 4, 2023, SN notified Plaintiff that a Notice of Default was recorded against his property the day prior based on his failure to pay the unpaid principal and interest that became due on the maturity date.  TAC ¶ 96, Ex. F.[2]  The Notice of Default stated that as of March 30, 2023, the amount due including permitted costs and expenses was $39,756.29, and that the amount would increase until his account became current.  *Id.*  The attached Debt Validation Notice also stated that as of April 4, 2023, the amount due was $35,060.57 plus interest, late charges, negative escrow, and attorney and/or trustee's fees and costs that may have been incurred.  *Id.*

The Court dismissed Plaintiff's initial, first amended, and second amended complaints.  ECF 18; ECF 32; ECF 46.  It then dismissed all causes of actions in Plaintiff's third amended complaint except for part of his Second Cause of Action that alleged that U.S. Bank violated the UCL and FAL when it sent its December 23, 2022, notice.  ECF 53.  The Court found that this notice violated California Civil Code §§ 2924i and 2966 when it gave Plaintiff approximately 30 days instead of at least 90 to cure his default.  *Id.* at 7.  The Court denied Plaintiff's request to file a fourth amended complaint.  ECF 68.

Defendants filed a motion for summary judgment as to Plaintiff's remaining claim under Federal Rule of Civil Procedure 56.  ECF 69 (Mot.).  Plaintiff opposed the motion.  ECF 72 (Opp'n).  Defendants replied.  ECF 73 (Reply).  The Court held a hearing on the motion via Zoom.  ECF 79 (Hr'g).

---

[1] Also reattached as Exhibit A(E) in Shepardson's Declaration at ECF 72-1.
[2] Also reattached as Exhibit A(F) in Shepardson's Declaration at ECF 72-1.

All parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  ECF 8; ECF 9.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Bald assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The moving party may initially establish the absence of a genuine issue of material fact by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp.*, 477 U.S. at 325.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  It is not the Court's responsibility to root through the record to establish the absence of factual disputes or to look for evidence on the nonmoving parties' behalf.  *CZ Servs., Inc. v. Express Scripts Holding Co.*, Case No. 3:18-cv-04217-JD, 2020 WL 4368212, at *3 (N.D. Cal. July 30, 2020) (citations omitted).

All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

### III. DISCUSSION

Defendants argue that they are entitled to summary judgment on Plaintiff's remaining claim alleging U.S. Bank's violation of UCL and FAL because (1) Plaintiff cannot establish a violation of California Civil Code section 2924(i) and 2966, the predicate violations of the UCL and FAL, (2) Plaintiff cannot establish proximate cause for his purported damages, and (3) Plaintiff cannot establish a right to remedy under the UCL and FAL. Mot. at 1.

The Court first examines Plaintiff's right to remedy under the UCL and FAL. Remedies in a UCL or FAL action are generally limited to restitution and injunctive relief; damages cannot be recovered. *Pfizer Inc. v. Superior Ct.*, 182 Cal. App. 4th 622, 631 (2010). For the reasons below, the Court finds that Plaintiff cannot pursue either remedy.

#### A. Plaintiff is not entitled to injunctive relief.

First, the Court finds that Plaintiff is not entitled to injunctive relief because he has not presented any evidence that the Defendants are likely to commit further violations of California Civil Code §§ 2924i and 2966 against him.

Injunctive relief is appropriate only when there is a threat of continuing misconduct. *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 463 (2005) (citing Code Civ. Proc. § 525; *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1403 n.6 (2002)).

Here, Plaintiff did not provide any evidence that Defendants are likely to continue to send him notices that do not comply with the requirements of California Civil Code §§ 2924i and 2966. Plaintiff has not shown that Defendants have sent him more notices about balloon payments, much less any that violate the California Civil Code. In fact, because Plaintiff is no longer in a contractual relationship with Defendants after paying off his loan, does not claim he is involved in other loan transactions with Defendants, and has not produced any evidence that he intends to be in one in the future, he cannot be realistically threatened by a repetition of Defendants' conduct. Hr'g (both parties agreeing that the loan has been paid in full); s*ee Freeman v. ABC Legal Servs.,* 877 F. Supp. 2d 919, 924 (citing *Krzyzanowsky v. Orkin Exterminating Co., Inc.*, Case No. 07-05362-SBA, 2009

4

WL 481267, at *14 (N.D. Cal. Feb. 24, 2009)) (finding that a plaintiff who has no contract with a defendant and no evidence that he intends to obtain one in the future cannot show he is realistically threatened by a repetition of the defendant's conduct). While Plaintiff points to Defendants' past alleged violations of notice requirements against him, the Court finds this irrelevant because the violations have already occurred and do not look forward to whether Plaintiff will be threatened in the future. Opp'n at 6; *see Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, Case No. 18-cv-00933-MMC, 2019 WL 3220244, at *5 (N.D. Cal. July 17, 2019) (finding that injunctive relief "cannot be used . . . to enjoin an event which has already transpired; a showing of threatened or future harm or continuing violation is required").

Plaintiff also attempts to argue that he is entitled to injunctive relief because he has shown that Defendants are likely to send noncompliant notices to other people by pointing out that (1) Defendants' briefing disregarded statutory language and that (2) there is no evidence that Defendants' practices have stopped. Opp'n at 5–6. The Court finds this argument irrelevant as well. What matters in this case is not whether other people may continue to be threatened by Defendants' conduct, but whether Plaintiff himself is threatened by Defendants' conduct. *Freeman*, 877 F. Supp. 2d 919, 924 (N.D. Cal. 2012) (citing *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1022 (9th Cir.)) (finding that a plaintiff has no standing to seek injunctive relief if he is not personally threatened by the defendant's conduct). As analyzed above, Plaintiff was unable to show that he himself was personally threatened by Defendants' conduct because he is no longer, and does not plan to be, in a contractual relationship with Defendants.

Thus, the Court finds that Plaintiff is not entitled to injunctive relief.

### B.     Plaintiff is not entitled to restitution.

Second, the Court finds that Plaintiff is not entitled to restitution because he did not show that Defendants were unjustly enriched by the violation of the notice or that the amount of restitution was supported by evidence.

Restitution may be ordered if a defendant will be unjustly enriched at the expense of

another. *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996). A defendant is unjustly enriched if it receives some form of benefit or advantage at the plaintiff's expense. *Id*. Restitution under the UCL and FAL "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) (quoting *Colgan v. Leatherman Tool Grp., Inc.,* 135 Cal. App. 4th 663, 698 (2006)).

Here, Plaintiff alleges that he should be afforded restitution for the "imposed charges" and "wrongfully kept" charges stemming from (1) when U.S. Bank failed to include interest on the funds it had returned, and (2) when U.S. Bank added late fees and/or collection costs to the loan balance. Opp'n at 6–7; Mot., Ex. 1 ¶ 96; TAC ¶ 113. The Court finds that Plaintiff is not entitled to restitution for either.

### 1. Plaintiff is not entitled to restitution due to Defendants' alleged failure to include interest on the March 10, 2023, repayment.

Plaintiff first argues that he is afforded restitution because Defendants were unjustly enriched when SN received $2,273.12 from Plaintiff, did not credit it to Plaintiff's account, and returned it to Plaintiff without interest. Opp'n at 6; Hr'g; TAC, Ex. E. Plaintiff's argument fails because he is unable to show that Defendants were unjustly enriched (or how much they were enriched by) or that the interest was caused by the Defendants' violation of notice requirements.

To start, Plaintiff did not point to any evidence that Defendants were unjustly enriched by failing to include interest when returning Plaintiff's $2,273.12. As an initial matter, Plaintiff is unable to point to facts that Defendants even received a benefit from Plaintiff's payment of $2,273.12. There is no evidence in the record that Defendants cashed Plaintiff's check or that Defendant even received interest by putting the money into an interest-bearing account. Plaintiff's lack of evidence is highlighted by the fact that he was unable to tell the Court how much interest he is allegedly owed, or point it to any evidence supporting an amount. Hr'g.

Further, Plaintiff has also not shown that SN's repayment of $2,273.12 without interest was a result of Defendants' violation of notice requirements. While Plaintiff argued at the hearing that it is inequitable to return payments without interest because the notice's deficiency caused confusion for the Plaintiff, he did not point to any evidence that showed what the confusion was, how the confusion affected Plaintiff's payment, or how the confusion affected Defendants' repayment. Hr'g. Without any evidence, SN's repayment without interest remains untethered to the alleged violations in the December 23, 2022, notice.

Because Plaintiff has not provided any evidence of Defendants' unjust enrichment or that it was caused by Defendants' violation of notice requirements, the Court finds that Plaintiff is not entitled to the interest on the $2,273.12 he paid to SN as restitution.

### 2. Plaintiff is not entitled to restitution because of Defendants' allegedly improper additional late fees, collection costs, and interest on the loan balance.

Plaintiff next argues that he is afforded restitution because Defendants were unjustly enriched by improperly adding late fees, collection costs, and interest. TAC ¶ 113. Plaintiff is unable to show how these additional charges were caused by the violation in the December 23, 2022, notice, or that the restitution requested is supported by evidence.

Plaintiff fails to point to evidence that shows that the additional charges were caused by improper notice. Instead, California Civil Code 2966(b) states that a "[f]ailure to provide notice as required . . . does not extinguish any obligation of payment by trustor" and that interest would continue to accrue. Thus, regardless of whether the December 23, 2022, notice met the notice requirements, the additional fees, costs, and interest would have continued to occur, and Plaintiff would have continued to be obligated to pay them.

Plaintiff attempts to connect the additional charges to the notice by stating that Defendants imposed these fees and costs because he failed to pay off the loan within 30 days of December 23, 2022. ECF 72-1, ¶ 7. However, there is no evidence supporting this

7

causation. The Notice of Default stated that the increase in charges on the amount due is hinged on whether Plaintiff's account was paid off—thus, it would not matter whether he paid off the loan within 30 days after the December 23, 2022, notice, or within 90 days. ECF 72-1, ¶ 7, Ex. A(F). It remains true that his loan matured on May 1, 2017, and he did not pay off his debt until April or May 2023,[3] which means that he was subject to the increase in amount that occurred between those dates. Plaintiff does not point to any evidence that the additional charges were incurred because he did not adhere to the incorrect 30-day deadline, and not because he simply had not paid off his balance by the maturity date.

Further, Plaintiff is unable to tell the Court how much these collection costs, late fees, and interest amount to, much less point the Court to where in the record it is. Hr'g. The Court is unclear conceptually as to what Plaintiff is even arguing for: the allegedly improperly added late fees, collection costs, and interest added to the $39,756.29 due on March 30, 2023, such that Defendants were able to retain the full $40,000 Plaintiff paid, or the allegedly improperly added late fees, collection costs, and interest to the unpaid principal amount of $35,060.75 as of April 4, 2023. *Id.* ¶¶ 113, 152; ECF 72-1, ¶ 7, Ex. A(F). It is not enough, as Plaintiff argued at the hearing, to state that damages exist because Defendants admitted it.[4] At this stage of summary judgment, Plaintiff must set forth evidence supporting his contention. Fed. R. Civ. P. 56.

Thus, the Court finds that Plaintiff is not entitled to restitution.

**IV. CONCLUSION**

Because Plaintiff was unable to raise a genuine issue of material fact showing that he was entitled to injunctive relief or restitution, the Court finds that Plaintiff does not have a right to remedy under the UCL or FAL. Accordingly, the Court GRANTS Defendants' motion for summary judgment.

---

[3] During the hearing, Plaintiff stated that he made two to four payments after the December 23, 2022, notice, the last of which occurred in April or May of 2023.
[4] The Court notes that Plaintiff did not specify where Defendants admitted to damages or what damages they admitted to.

8

**IT IS SO ORDERED.**

Dated:  April 7, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge